[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10034
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00289-TWT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO LEON-RAMOS,
a.k.a. Juan Carlos Serna-Ruiz,
a.k.a. Juan Cruz Serna,
a.k.a. Martin Tapiafranco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 31, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gustavo Leon-Ramos appeals his 37-month sentence, imposed after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  In imposing this sentence, the district court granted Leon-Ramos's motion for a downward departure based on the time he had already spent in state custody, pursuant to U.S.S.G. § 2L1.2, application note 8, departing from the guideline range of 70 to 87 months.  On appeal, Leon-Ramos argues that the sentence is unreasonable because the district court misapplied the Guidelines when it:  (1) imposed a 16-level enhancement, under U.S.S.G. § 2L1.2(b)(1)(A)(i), for being previously deported following  a conviction for a drug offense for which the sentence imposed exceeded 13 months; and (2) assessed 2 additional criminal history points, under U.S.S.G. § 4A1.1(d), for having committed the instant offense while under a criminal sentence.  After thorough review, we affirm.

We review the interpretation and application of the Guidelines de novo, and the underlying factual findings for clear error.  United States v. Rodriguez, 732 F.3d 1299, 1305 (11th Cir. 2013).  However, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence."  United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) (quotations omitted).  To determine whether an alleged error was harmless, we must consider:  (1) whether the district court would have reached the same result if it had decided the guidelines issue in the

2

defendant's favor; and (2) assuming the guidelines issue had been decided in the defendant's favor, whether the sentence imposed was reasonable in light of the § 3553(a) factors. Id. When reviewing the sentence a district court imposes for "reasonableness," we "merely ask[] whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In this case, we need not reach the question of whether the Guidelines were properly applied because any error in the application of the Guidelines was harmless. As the record shows, the district court expressly said that it would have imposed the same sentence absent the enhancements. Thus, the first-prong of the harmless error inquiry set forth in Keene is satisfied.

In addition, because Leon-Ramos's sentence was reasonable, the second part of the test is also satisfied. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1] "[W]e will not second guess the weight (or lack thereof) that

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

While we do not automatically presume that a sentence falling within the guideline range is reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The reasonableness of a sentence may also be indicated when the sentence imposed is well below the statutory maximum. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, even if the guideline issues had been resolved in his favor, Leon-Ramos's 37-month sentence is substantively reasonable. The record reveals that

---

offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

without the errors he alleges, he would have had a criminal history category of IV and a total of 17 offense points, resulting in a guideline range of 37 to 46 months. See U.S.S.G. Sentencing Table, Ch.5, Pt. A. Thus, his 37-month sentence would have been at the very bottom of the guideline range -- a sentence we ordinarily would expect to be reasonable. Moreover, his 37-month sentence is well below the 20-year statutory maximum penalty. Indeed, it is the very sentence that he requested.

The record also indicates that the district court considered all of the § 3553(a) factors in imposing the sentence and concluded that the 37-month sentence was "fair and reasonable" in light of these factors. Under the circumstances, particularly given the fact that he had previously been deported nine times, but continued to reenter the country, the record supports the conclusion that the 37-month sentence was sufficient, but not greater than necessary to accomplish the sentencing goals set forth in § 3553(a) -- principally, the need to reflect the seriousness of the offense, the need to deter him from reentering the country for an eleventh time, and the need to promote respect for the law. In short, because his 37-month sentence would have been reasonable even without the errors he alleges, any error the district court may have committed in applying the Guidelines was harmless, and we affirm.

**AFFIRMED**.

5